**Susan Lee CULTEE, Deborah Cultee, Karnes Beatty Cultee, and Brenda Lee Cultee, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, James G. Watt, Secretary of the Interior, Interior Board of Indian Appeals, and Helene Jake, Defendants-Appellees.**

No. 82–3632.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1983.

Decided Aug. 26, 1983.

Samuel J. Stiltner, Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Seattle, Wash., for plaintiffs-appellants.

Mary Ann Vance, Seattle, Wash., J. Carol Williams, Washington, D.C., for defendants-appellees.

Before KILKENNY and FLETCHER, Circuit Judges, and TAYLOR,* District Judge.

FLETCHER, Circuit Judge:

The children of William Mason Cultee, a member of the Quinault Indian Nation, seek reversal of the district court's judgment that Cultee's will, which omitted any mention of his children, is valid under the federal statutes that control testamentary disposition of restricted Indian lands. *See* 25 U.S.C. §§ 373, 464 (1976). Appellees are the United States and Helene Jake, Cultee's cousin and an enrolled member of the Quinault Tribe, who is the sole beneficiary of Cultee's will. This court's jurisdiction to hear the appeal rests on 28 U.S.C. § 1291 (1976). We affirm.

## I

### FACTS

Appellants are the four daughters of William Mason Cultee. Cultee died on August

---

* The Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

4, 1976 leaving a will, dated August 14, 1973. The will stated that Cultee had "no children" and left all of Cultee's property to Helene Jake, a cousin, with whom Cultee had lived during the latter part of his life.[1] The will was prepared by BIA personnel and executed in their presence.

Following Cultee's death, his daughters sought a hearing before the BIA to determine the validity of the will. On April 5, 1978, and March 29, 1979, hearings were held before a Department of Interior Administrative Law Judge. Although the ALJ determined that appellants were Cultee's daughters, he rejected their challenge to the will and confirmed its validity. The children appealed to the Interior Board of Indian Appeals,[2] which affirmed the ALJ's decision.

In September of 1981, appellants filed suit in United States District Court seeking a declaration that Cultee's will was invalid. They argued that 25 U.S.C. § 464 required the incorporation of state law into the federal statutes that govern the validity of Indian wills. Appellants argued to the district court that Cultee's will was invalid under state law for failure to mention or disinherit his daughters. *See* Wash.Rev. Code § 11.12.090 (1974) (pretermitted heir statute). On defendants' motion for summary judgment, the district court ruled that an Indian will is valid if it is approved by the Secretary of Interior "before or after [the] testator's death." *See* 25 U.S.C. § 373 (1976). Since the Secretary had approved Cultee's will in the face of the daughters' challenge, the district court concluded that as a matter of law, it could not upset the will. Accordingly, summary judgment was granted in favor of appellees.

## II

## DISCUSSION

The question presented for review, whether the will of William Mason Cultee is valid under the federal statutes that control the testamentary disposition of Indian property, is purely a question of law. No facts are in dispute. We, therefore, may freely review the district court's interpretation of the pertinent statutory language. *See Turner v. Prod,* 707 F.2d 1109, 1114 (9th Cir.1983); *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540, 543 (9th Cir.1975).

The dispute between the parties to this appeal appears straightforward. Appellants argue that the validity of Cultee's will is controlled by 25 U.S.C. § 464. Appellees argue that the validity of the will is to be determined by the standards of 25 U.S.C. § 373. The text of each statutory provision is set forth in the margin.[3] In addition to the language of the statutes, the fact most

1. William Mason Cultee's standard Indian will provides:
   FIRST.—I desire that all my legal debts be paid, including the expenses of my last illness, funeral, and burial.
   SECOND.—I give, devise, and bequeath to —my first Cousin, HELENE MOWITCHMAN BLACK JAKE, Quinault allottee 2031, all of my estate: real, personal or mixed, or whatsoever kind or nature and whatsoever situated, of which I may die seized or ever shall be possessed.
   THIRD.—To anyone making any claim against my estate—real and/or personal, I leave nothing.
   FOURTH.—I hereby declare that as of the date of this instrument, I am a single person; and that I have no children.
   (underscored language appears on BIA will form).

2. The children contended before the ALJ and the Board that Cultee lacked testamentary capacity, was unduly influenced by appellee Jake, suffered from insane delusions, and that the will was invalid for failure to mention children. They also argued that the totality of circumstances required disapproval of the will. They did not argue that the will was invalid for failure to comply with 25 U.S.C. § 464 (1976).

3. Section 373 provides:
   § 373. *Disposal by will of allotments held under trust.*
   Any persons of the age of twenty-one years having any right, title or interest in any allotment held under trust or other patent containing restrictions on alienation or individual Indian moneys or other property held in trust by the United States shall have the right prior to the expiration of the trust or restric-

central to our disposition of this case is that the estate of Cultee includes, as part of its assets, an interest in lands allotted to individual Indians on the Quinault, Nisqually, and Puyallup Reservations that are still subject to trust or other restrictions on alienation.

Appellants contend that where an Indian's estate includes restricted lands of the type held by Cultee, section 464 requires the Secretary of the Interior to set aside as invalid any will that attempts to devise the Indian testator's property unless the will complies with the requirements of state probate law. To support their argument that Cultee's will must comply with state law, appellants cite language from section 464 which states, "in all instances such [restricted Indian] lands ... shall descend or be devised *in accordance with the then existing laws of the State,* or Federal laws where applicable, in which said lands are located ...." (emphasis added). Appellants then conclude that since there is no applicable federal law and Cultee's will fails to comply with the probate law of Washington, specifically the state pretermitted heir statute, the will is invalid under section 464.

Appellees respond that 25 U.S.C. § 373 (1976) is the primary federal statute governing testamentary disposition of all types of Indian property including allotted tribal lands held in trust or subject to other restrictions on alienation. Appellees cite our opinion in *Akers v. Morton,* 499 F.2d 44, 46–47 (9th Cir.1974), for the proposition that "[t]he sole limit on an Indian testator's freedom to devise restricted lands is the power vested in the Secretary of Interior

tive period, and before the issuance of a fee simple patent or the removal of restrictions, to dispose of such property by will, in accordance with regulations to be prescribed by the Secretary of the Interior: *Provided, however,* That no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Secretary of the Interior: *Provided further,* That the Secretary of the Interior may approve or disapprove the will either before or after the death of the testator, and in case where a will has been approved and it is subsequently discovered that there has been fraud in connection with the execution or procurement of the will the Secretary of the Interior is authorized within one year after the death of the testator to cancel the approval of the will, and the property of the testator shall thereupon descend or be distributed in accordance with the laws of the State wherein the property is located: *Provided further,* That the approval of the will and the death of the testator shall not operate to terminate the trust or restrictive period, but the Secretary of the Interior may, in his discretion, cause the lands to be sold and the money derived therefrom, or so much thereof as may be necessary, used for the benefit of the heir or heirs entitled thereto, remove the restrictions, or cause patent in fee to be issued to the devisee or devisees, and pay the moneys to the legatee or legatees either in whole or in part from time to time as he may deem advisable, or use it for their benefit: *Provided also,* That this section and section 372 of this title shall not apply to the Five Civilized Tribes or the Osage Indians. 25 U.S.C. § 373 (1976).

Section 464 provides as follows:

§ 464. *Transfer of restricted Indian lands or shares in assets of Indian tribes or corporation: exchange of lands.*

Except as provided in sections 461, 462, 463, 464, 465, 466 to 470, 471 to 473, 474, 475, 476 to 478, and 479 of this title, no sale, devise, gift, exchange, or other transfer of restricted Indian lands or of shares in the assets of any Indian tribe or corporation organized hereunder, shall be made or approved: *Provided, however,* That such lands or interests may, with the approval of the Secretary of the Interior, be sold, devised, or otherwise transferred to the Indian tribe in which the lands or shares are located or from which the shares were derived or to a successor corporation; and in all instances such lands or interests shall descend or be devised, in accordance with the then existing laws of the State, or Federal laws where applicable, in which said lands are located or in which the subject matter of the corporation is located, to any member of such tribe or of such corporation or any heirs of such member: *Provided further,* That the Secretary of the Interior may authorize voluntary exchanges of lands of equal value and the voluntary exchange of shares of equal value whenever such exchange, in his judgment, is expedient and beneficial or compatible with the proper consolidation of Indian lands and for the benefit of cooperative organizations. 25 U.S.C. § 464 (1976). Section 464 was amended in 1980. *See* Pub.L. No. 96–363, 94 Stat. 1207 (1980). The parties agree, however, that the language of the amendment has no application to this appeal.

[by section 373] to disapprove wills." In this case, Cultee's will was approved by the Secretary. Appellees conclude, therefore, that the will meets federal statutory standards. To the extent that appellees admit any relevance in 25 U.S.C. § 464, they suggest that the language in that section, "shall descend or be devised in accordance with . . . *Federal laws where applicable*" (emphasis added), was intended to incorporate into section 464 the exclusive power to approve or disapprove wills granted the Secretary under section 373. Thus appellees conclude that the language in section 464 referring to state law poses no barrier to the validity of Cultee's will since the will was upheld by the Secretary pursuant to section 373.

We cannot accept fully the position advanced by either party. While we agree with appellants that Cultee's will must meet the requirements of 25 U.S.C. § 464, we do not find in that section a requirement that the will's validity be determined by reference to state probate law. Similarly, while we agree with appellees that, to be valid, Cultee's will must be approved by the Secretary of Interior under 25 U.S.C. § 373, we do not find that section 373 permits the Secretary to ignore the limitations on devises of Indian trust property found in 25 U.S.C. § 464. Our review of the language of both sections 373 and 464 convinces us that Cultee's will is valid only if it is approved by the Secretary as required by section 373, and that the Secretary may only approve under section 373 those Indian wills that devise trust property in accordance with the restrictions on alienation contained in section 464.

We base this conclusion on the following observations. Section 464 begins with the statement that "[e]xcept as provided in [certain sections of the Indian Reorganization Act,] *no sale, devise, gift, exchange or other transfer of restricted Indian lands . . . shall be made or approved*" (emphasis added). Without the further language of section 464, the effect of this opening clause would be to prohibit any devise of restricted Indian lands of the type held by Cultee. This broad bar would necessarily limit the Secretary's power under section 373 to approve an Indian will devising such trust property. Subsequently, however, in the proviso clause, section 464 lists certain limited circumstances in which a devise or transfer of restricted Indian lands may be approved:

> [S]uch lands . . . may, with the approval of the Secretary of Interior, be sold, devised, or otherwise transferred *to the Indian tribe in which the lands . . . are located . . .*; and in all instances such lands . . . shall descend or be devised, in accordance with the then existing laws of the state, or federal laws where applicable, in which said lands are located . . ., *to any member of such tribe . . . or any heirs . . . of such member . . . .*

(emphasis added). This language permits the Secretary to approve devises of restricted Indian lands to the testator's tribe or to a member of the tribe where the property is located, *Estate of Left Hand or John (Johnson) Left Hand,* PRS # 374 (11346–36), *summarized in Digest of Federal Indian Probate Law* at 48 (1972), or to the testator's heirs, *see* Solicitor's Opinion, 54 I.D. 584 (Aug. 17, 1934). *See generally* U.S. Dept. of Interior, Office of the Solicitor, *Federal Indian Law* 813 (1958). Where an Indian attempts to devise restricted property to his heirs, or to someone other than a person permitted to take under section 464, we interpret the reference to state law in section 464 to identify, by incorporating state law, those persons who are the testator's heirs under state law or, where the objects of the testator's bounty are impermissible under section 464, those who would take as heirs by intestate succession under state law. *See* H.R.Rep. No. 1285, 96th Cong., 2d Sess. 2, *reprinted in* 1980 U.S. Code Cong. & Admin.News 2916, 2917 ("Section [464] presently places a restriction on the persons or entities to whom an Indian may devise trust property as follows: (1)

to the Indian tribe where the land is located; (2) to any member of such tribe; or (3) to any 'heirs' of the testator. The Department of the Interior has held that the term 'heirs' must be defined in accordance with the law of the State in which the property is located."). Thus, the net effect of section 464 is to limit the Secretary's discretion to approve Indian wills devising restricted Indian lands to those wills that devise such property to one of the three classes of devisees recognized in the statute.

The reference to state law in section 464 does not, as appellants argue, require an Indian devise of restricted lands to comply with state probate law. Rather, it defines the class of permissible devisees of such lands. This interpretation of the reference to state law, unlike the interpretation proposed by appellants, is consistent with the principal purposes of the Indian Reorganization Act of which section 464 is a part. *See* F. Cohen, *Handbook of Federal Indian Law* 147 (1982 ed.) (discussing goals of Indian Reorganization Act, including desire to stop alienation of tribal land). Section 464, therefore, circumscribes the Secretary's authority to approve Indian wills but does not eliminate the requirement of section 373 that an Indian will must be approved by the Secretary.

■ The requirements of both section 373 and section 464 have been met in this case. The final decision of the Department of Interior Administrative Law Judge who heard appellant's challenge to Cultee's will states:

NOW, THEREFORE, IT IS HEREBY ORDERED testator's Last Will and Testament dated the 14th day of August, 1973, be, and the same is, hereby approved and the Superintendent of the Olympic Peninsula Indian Agency, or his recognized agent, shall, after payment of costs of administration, claims and other heretofore or herein charges against the estate, cause to be made a distribution of the trust estate in accordance with said Last Will and Testament as devised or bequeathed in Clauses: SECOND and RESIDUAL (to HELENE MOWITCHMAN BLACK JAKE) and as described in the estate inventory, said Clauses by this reference made a part hereof as if set forth fully herein; *save and except* landed interests of the estate situate on the Nisqually and Puyallup Indian Reservations which are subject to the Indian Reorganization Act of June 18, 1934 (25 USC 464) which are to be distributed to the heirs at law, the four children of the decedent noted above, in equal shares of one-fourth (¼) each.[4]

·    ·    ·    ·    ·

[FN4]  Bureau of Indian Affairs records indicate devisee HELENE MOWITCHMAN BLACK JAKE is an enrolled member of the Quinault Indian Tribe and certification to this effect is included in the file herewith.

This order approves Cultee's will as required by 25 U.S.C. § 373, but, significantly, it modifies the disposition of property otherwise devised by the will in order to meet the restrictions imposed by 25 U.S.C. § 464 as to who may be devisees of trust property. The order rejects appellee Jake as the devisee of Cultee's interest in restricted lands located on the Nisqually and Puyallup Reservations because Jake is neither Cultee's heir under state law nor a member of the tribe where the lands are located. *See* 25 U.S.C. § 464 (1976). The order then determines that appellants are Cultee's heirs at law under "then existing state law," *see id.,* and hence, under section 464, they receive Cultee's interest in lands on the Nisqually and Puyallup Reservations. To the extent Cultee's estate also contains restricted lands on the Quinault reservation, footnote 4 of the final order indicates that appellee Jake, a member of the Quinault Tribe, is a permissible devisee of these lands consistent with the restrictions imposed by section 464. As modified and approved, therefore, Cultee's will complies with the federal statutory scheme governing testamentary disposition of Indian property and is valid. Accordingly, the judgment of the district court is

AFFIRMED.